BARFIELD, Judge,
concurring and dissenting:
I concur in the affirmance of the conviction; however, I disagree with the text of the majority opinion.
The opinion of the supreme court in Roman v. State, 475 So.2d 1228 (Fla.1985) does not tell us in what context the issue arose which precipitated the statement quoted in the majority opinion. If the supreme court is saying that an instruction which fails to correctly inform the jury on burden of proof in a criminal trial is not fundamental error, then it should revisit the question. See Connecticut v. Johnson, 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983). Quite possibly the defendant failed to raise the question of fundamental error, and the court did not consider the issue in that context.
I further disagree with the certified question because the supreme court has already told us that fundamental error must be tested against the harmless error rule. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The certified question fails to acknowledge that the error may be fundamental, permitting appellate review without being raised in the trial court, and yet not be reversible.
In this record the burden of proof was clearly put to the jury in the argument of counsel. In my judgment, the failure to give the proper instruction does not present a reasonable possibility that the verdict of the jurors was affected.